HOMAN & STONE
Gene S. Stone, Esq. [SBN 162112]
Deanna M. Brown, Esq. [SBN 167003]
Email: gstone@homan-stone.com
12 North Fifth Street
Redlands, California 92373
(909) 307-9380
(909) 793-0210 - Fax
L:\Alves v. Capital Alliance\PLEADINGS\ANSWER TO CP.GSS.CAPTION.wpd:GSS:dmb:tmw

Attorneys for Defendant, CAPITAL ALLIANCE GROUP

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI ALVES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL ALLIANCE GROUP, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | CASE NO.: 2:17-CV-01585-MWF-AFM |

### DEFENDANT, CAPITAL ALLIANCE GROUP'S ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant CAPITAL ALLIANCE GROUP ("CAG") by its undersigned counsel hereby files this Answer responding to the allegations and asserts affirmative defenses to Plaintiff's Class Action Complaint.

### ANSWER

In answering the Complaint, CAG states that it is responding to allegations on behalf of CAPITAL ALLIANCE GROUP only, even where allegations pertain to the alleged conduct of all Defendants. CAG denies any and all allegations contained in the headings and/or unnumbered and/or lettered paragraphs in the Complaint. In response to the specific allegations in the enumerated

paragraphs in the Complaint, CAG responds as follows:

1. Answering the allegations of paragraph 1 of the complaint, CAG states that these are legal conclusions which are not subject to denial or admission, and is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein.

**JURISDICTION AND VENUE**

2. Answering the allegations of paragraph 2 of the Complaint, CAG admits that based on allegations jurisdiction is proper under *28 U.S.C. §1332(d)(2)*. Answering the allegations of paragraph 2 of the Complaint, CAG admits that this Court has personal jurisdiction over this Defendant as it does business in California. Answering the remaining allegations of paragraph 2 of the Complaint, CAG states that these are legal conclusions which are not subject to denial or admission, that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein.

3. Answering the allegations of paragraph 3 of the Complaint, CAG Group admits this allegation that venue is proper under *28 U.S.C. § 1391(b)* as this defendant does business within the State of California. Answering the allegations of paragraph 3 of the Complaint, CAG Group, states that these are legal conclusions which are not subject to denial or admission, that it is without sufficient knowledge or information to form a belief as to the truth of the allegation that venue is proper because Plaintiff resides in the County of San Luis Obispo.

**PARTIES**

4. Answering the allegations of paragraph 4, of the Complaint, CAG states that these are legal conclusions which are not subject to denial or admission and CAG is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff, Terri Alves, is a natural person residing in Shell Beach, California and that Terri Alves is a "person" as defined by contained in said paragraph.

5. Answering the allegations of paragraph 5 of the Complaint, CAG denies, generally and specifically, that it is an "online marketing company." CAG is without sufficient knowledge or

information to form a belief as to the truth of the allegation that CAG is, and at all times mentioned within the Complaint, a "person" as defined by 47 U.S.C. §153(39), and on that basis, denies generally and specifically each and every allegation.

6. Answering the allegations of paragraph 6 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein.

7. Answering the allegations of paragraph 7 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein.

## FACTUAL ALLEGATIONS

8. Answering the allegations of paragraph 8 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein, including that beginning or around July 2016, that CAG contacted Plaintiff on a cellular telephone number ending -7441, and generally and specifically denies that it contacted plaintiff at the cellular telephone number ending -7441 with the intent to solicit Plaintiff to purchase Defendant's services.

9. Answering the allegations of paragraph 9 of the Complaint, these are a general statements of law and, CAG, admits that *47 U.S.C. §227(a)(1)* defines "automatic telephone dialing system," but denies generally and specifically each and every allegation that Defendant, CAG used such a system. Defendant's phone system is not an "automatic telephone dialing system" under the TCPA because its telephone system does not use a "random or sequential number generator" to store or produce telephone numbers. Because Defendant does not use an "automatic telephone dialing system" within the meaning of the TCPA, Defendant did not violate the TCPA. Manually dialed calls to cell phones are not regulated by the TCPA. See *47 U.S.C. § 227*. There is no liability for calling a cell phone using either (a) an "automatic telephone dialing system" or (b) an artificial or

prerecorded voice - so long as the recipient is not "charged" for the call. See *47 U.S.C. § 227(b)(1)(A)(iii)*.

10. Answering the allegations of paragraph 10 of the Complaint, CAG denies each and every allegation contained in Paragraph 10, that it contacted or attempted to contact plaintiff for any purpose in violation of the TCPA, but admits that telephone number (855)334-6477 is a telephone number registered to CAG.

11. Answering the allegations of paragraph 11 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein.

12. Answering the allegations of paragraph 12 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein.

13. Answering the allegations of paragraph 13 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein.

14. Answering the allegations of paragraph 14 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein.

15. Answering the allegations of paragraph 15 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein.

16. Answering the allegations of paragraph 16 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

1 paragraph, and on that basis, denies generally and specifically each and every allegation contained therein.

17. Answering the allegations of paragraph 17 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation that if such calls were made that they were in violation of *47 C.F.R. § 64.1200 (a)(2)*.

18. Answering the allegations of paragraph 18 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein and asserts that if any calls were made they were not in violation of any provision of the TCPA.

19. Answering the allegations of paragraph 19 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies generally and specifically each and every allegation contained therein and asserts that if any calls were made they were not in violation of any provision of the TCPA.

20. Answering the allegations of paragraph 20 of the Complaint, CAG denies generally and specifically each and every allegation contained therein and asserts that it has established and implements reasonable practices and procedures to prevent TCPA violations by its agents and employees.

## CLASS ALLEGATIONS

21. Answering the allegations of paragraph 21 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the two proposed classes, and on that basis, denies generally and specifically each and every allegation contained therein.

22. Answering the allegations of paragraph 22 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiff brings this

action individually and on behalf of all others similarly situated, as a member of the proposed "ATDS Class", and on that basis, denies generally and specifically each and every allegation contained therein. Defendant does not deny that Plaintiff has created a definition of the proposed "ATDS Class," but defendant denies generally and specifically, that Plaintiff can certify the purported class based upon the given facts. Defendant will vigorously oppose any Motion for Class certification is not appropriate because there is no evidence that the alleged facts are common to all proposed class members, nor is there sufficient evidence that the claims of the proposed class members arise out of a common nucleus of operative facts. In short, Plaintiff has not, and cannot, establish that Defendant engaged in unlawful cellular marketing practices affecting the alleged ATDS class members.

23. Answering the allegations of paragraph 23 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed "DNC Class," and on that basis, denies generally and specifically each and every allegation contained therein. Defendant does not deny that Plaintiff has created a definition of the proposed DNC Class, but defendant denies generally and specifically, that Plaintiff can certify the purported class based upon the given facts. Defendant will vigorously oppose any Motion for Class Certification as such certification is not appropriate because there is no evidence that the alleged facts are common to all proposed class members, nor is there sufficient evidence that the claims of the proposed class members arise out of a common nucleus of operative facts. In short, Plaintiff has not, and cannot, establish that Defendant engaged in unlawful cellular marketing practices affecting the alleged "DNC Class" members.

24. Answering the allegations of paragraph 24 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed "ATDS Class", and on that basis, denies generally and specifically each and every allegation contained therein. Defendant does not deny that Plaintiff has created a definition of the proposed "ATDS Class," but defendant denies generally and specifically, that Plaintiff can certify the

purported class based upon the given facts. Defendant will vigorously oppose any Motion for Class certification is not appropriate because there is no evidence that the alleged facts are common to all proposed class members, nor is there sufficient evidence that the claims of the proposed class members arise out of a common nucleus of operative facts. In short, Plaintiff has not, and cannot, establish that Defendant engaged in unlawful cellular marketing practices affecting the alleged ATDS class members.

25. Answering the allegations of paragraph 25 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed "DNC Class," and on that basis, denies generally and specifically each and every allegation contained therein. Defendant does not deny that Plaintiff has created a definition of the proposed DNC Class, but defendant denies generally and specifically, that Plaintiff can certify the purported class based upon the given facts. Defendant will vigorously oppose any Motion for Class Certification as such certification is not appropriate because there is no evidence that the alleged facts are common to all proposed class members, nor is there sufficient evidence that the claims of the proposed class members arise out of a common nucleus of operative facts. In short, Plaintiff has not, and cannot, establish that Defendant engaged in unlawful cellular marketing practices affecting the alleged "DNC Class" members.

26. Answering the allegations of paragraph 26 of the Complaint, CAG denies generally and specifically any and all allegations and furthermore, denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

27. Answering the allegations of paragraph 27 of the Complaint, CAG denies generally and specifically any and all allegations and furthermore, denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

28. Answering the allegations of paragraph 28 of the Complaint, CAG denies generally and specifically any and all allegations and furthermore, denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

29. Answering the allegations of paragraph 29 of the Complaint, CAG denies generally and specifically any and all allegations and furthermore, denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

30. Answering the allegations of paragraph 30 of the Complaint, CAG denies generally and specifically any and all allegations and furthermore, denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

31. Answering the allegations of paragraph 31 of the Complaint, CAG denies generally and specifically any and all allegations and furthermore, denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation. Defendant, generally and specifically denies that it illegally contacted plaintiff; that it invaded the privacy of plaintiff and the alleged members of the as yet to be certified "DNC Class." Defendant generally and specifically denies that any action by it or through its agents caused plaintiff or any as yet certified class member any harm recognizable by law and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

32. Answering the allegations of paragraph 32 of the Complaint, CAG denies generally and specifically any and all allegations and furthermore, denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

33. Answering the allegations of paragraph 33 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, but denies generally and specifically each and every allegation contained therein and asserts that if any calls were made, they were not in violation of any provision of the TCPA and denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

34. Answering the allegations of paragraph 34 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, but denies generally and specifically each and every allegation contained therein and asserts that if any calls were made they were not in violation of any provision of the TCPA and denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

35. Answering the allegations of paragraph 35 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, but denies generally and specifically each and every allegation contained therein and asserts that if any calls were made they were not in violation of any provision of the TCPA and denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

36. Answering the allegations of paragraph 36 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, but denies generally and specifically each and every allegation contained therein and asserts that if any calls were made they were not in violation of any provision of the TCPA and denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

37. Answering the allegations of paragraph 37 of the Complaint, CAG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, but denies generally and specifically each and every allegation contained therein and asserts that if any calls were made they were not in violation of any provision of the TCPA and denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF 47 U.S.C. § 227(b)

### on Behalf of the ATDS Class

38. Answering the allegations of paragraph 38 of the Complaint, CAG incorporates all of its answers from the preceding paragraphs (1 through 37) of this Answer by reference as though fully set forth in this paragraph.

39. Answering the allegations of paragraph 39 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

40. Answering the allegations of paragraph 40 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

41. Answering the allegations of paragraph 41 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 47 U.S.C. § 227(b)

### on behalf of the ATDS Class

42. Answering the allegations of paragraph 42 of the Complaint, CAG incorporates all of its answers from the preceding paragraphs (1 through 41) of this Answer by reference as though fully

set forth in this paragraph.

43. Answering the allegations of paragraph 43 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

44. Answering the allegations of paragraph 44 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

45. Answering the allegations of paragraph 45 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

## THIRD CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c)

### on Behalf of the DNC Class

46. Answering the allegations of paragraph 46 of the Complaint, CAG incorporates all of its answers from the preceding paragraphs (1 through 45) of this Answer by reference as though fully set forth in this paragraph.

47. Answering the allegations of paragraph 47 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

48. Answering the allegations of paragraph 48 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

49. Answering the allegations of paragraph 49 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

///

///

## FOURTH CAUSE OF ACTION
## (KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c)
### On Behalf of the DNC Class

50. Answering the allegations of paragraph 50 of the Complaint, CAG incorporates all of its answers from the preceding paragraphs (1 through 49) of this Answer by reference as though fully set forth in this paragraph.

51. Answering the allegations of paragraph 51 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

52. Answering the allegations of paragraph 52 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

53. Answering the allegations of paragraph 53 of the Complaint, CAG states that allegations contained therein are legal conclusions, and it denies generally and specifically each and every allegation contained therein.

### RELIEF REQUESTED AND DEMAND FOR JURY TRIAL

Defendant CAG admits that plaintiff purports to seek various forms of relief against defendant and requests a trial by jury. To the extent that a response is needed, CAG denies that plaintiff is entitled to same and hereby files the following Affirmative Defenses responding to the allegations in Plaintiff's Complaint ("Complaint"):

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a complaints sufficient to constitute a claim for relief.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and each claim for relief, that seeks equitable relief, cannot be sustained to the extent that they are barred by laches, waiver, unclean hands or estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part, as Plaintiffs have not suffered, and will not

12

suffer harm or injury as a result of any of the alleged conduct and/or omissions of Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the extent of plaintiff's participation in the marketplace and consent, actual or implied, to receive communications from third parties, exceeded any alleged wrongdoing by CAG.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff's alleged injuries are the result of acts or omissions of third persons over whom CAG has neither control nor responsibility, those claims are barred.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

By their own actions, Plaintiff has failed to mitigate damages, if they exist.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part, as not brought within the applicable statute of limitations.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part, by provisions of federal constitutional law including First Amendment to the United States Constitution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Answering Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated affirmative defenses available. Answering Defendants reserve herein the right to assert additional defenses in the event that the discovery indicates they would be appropriate.

///
///
///
///
///
///
///

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 12th day of April, 2017. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/EFC System.

Dated:  Redlands, California          HOMAN & STONE
        April 12, 2017

                                      /s/ Gene S. Stone
                                      Gene S. Stone, Esq.
                                      Deanna M. Brown, Esq.
                                      *Attorneys for Defendant*
                                      *Capital Alliance Group*
                                      Email: gstone@homan-stone.com
                                      12 North Fifth Street
                                      Redlands, California 92373
                                      Telephone: (909) 307-9380
                                      Facsimile: (909) 793-0210

**WHEREFORE**, this answering Defendant, CAG, respectfully requests that this honorable Court deny the Plaintiff's claims in their entirety and award these Defendants their costs and attorneys' fees and for such other and further relief as the Court may deem just, proper and equitable.

Date: Redlands, California
12th day of April, 2017.

HOMAN & STONE

BY: /s/ Gene S. Stone
Gene S. Stone, Esq.
Deanna M. Brown, Esq.
*Attorneys for Defendant*
*Capital Alliance Group*
Email: gstone@homan-stone.com
12 North Fifth Street
Redlands, California 92373
Telephone: (909) 307-9380
Facsimile: (909) 793-0210