Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Meghan E. George, Esq. (274525)
mgeorge@toddflaw.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TERRI ALVES, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

CAPITAL ALLIANCE GROUP, and DOES 1 through 10, inclusive, and each of them,

Defendant.

Case No. 2:17-cv-01585-MWF-AFM

**JOINT RULE 26(f) REPORT**

Date: June 12, 2017
Time: 11:00 a.m.
Courtroom: 5a

The parties hereto, plaintiff TERRI ALVES ("Plaintiff") and defendant CAPITAL ALLIANCE GROUP ("Defendant"), by and through their respective attorneys of record, jointly file this report under Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Scheduling Conference.

## I. STATEMENT OF THE CASE

1. Plaintiff's Position: P Beginning in or around July of 2016, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -

7441, in an attempt to solicit Plaintiff to purchase Defendant's services. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services. Defendant contacted or attempted to contact Plaintiff from telephone number (855) 334-6744 confirmed to be Defendant's number. Defendant left pre-recorded voicemails on Plaintiff's cellular telephone. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*. Further, Plaintiff's cellular telephone number was added to the National Do-Not-Call Registry. Defendant placed multiple calls soliciting its business to Plaintiff on her cellular telephone. Such calls constitute solicitation calls pursuant to *47 C.F.R. § 64.1200(c)(2)* as they were attempts to promote or sell Defendant's services. pon information and belief, and based on Plaintiff's experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

Defendant's Position:

CAG denies that CAG contacted Plaintiff on a cellular telephone number ending -7441, and has been unable to research this as plaintiff has yet to provide a full telephone number claimed to have been the recipient of violative contacts and generally and specifically denies that it contacted plaintiff at the cellular telephone number ending -7441 with the intent to solicit Plaintiff to purchase

Defendant's services. CAG further denies generally and specifically each and every allegation that it used such an automatic telephonic dialing system. Defendant's phone system is not an "automatic telephone dialing system" under the TCPA because its telephone system does not use a "random or sequential number generator" to store or produce telephone numbers. Because Defendant does not use an "automatic telephone dialing system" within the meaning of the TCPA, Defendant did not violate the TCPA. Manually dialed calls to cell phones are not regulated by the TCPA. See 47 U.S.C. § 227. There is no liability for calling a cell phone using either (a) an "automatic telephone dialing system" or (b) an artificial or prerecorded voice so long as the recipient is not "charged" for the call. See 47 U.S.C. § 227(b)(1)(A)(iii). CAG denies generally and specifically any and all allegations and furthermore, denies that this matter should or could be certified as a Class Action, as it denies numerosity, commonality, typicality, and adequacy of representation and that this action satisfies Rule 23 of the Federal Rules of Civil Procedure which govern class actions. Plaintiffs' claims are barred in whole or in part, as Plaintiffs have not suffered, and will not suffer harm or injury as a result of any of the alleged conduct and/or omissions of Defendant. Plaintiff's claims are barred, in whole or in part, due to the extent of plaintiff's participation in the marketplace and consent, actual or implied, to receive communications from third parties, exceeded any alleged wrongdoing by CAG. Plaintiff's claims are barred in whole or part, by provisions of Federal Constitutional law including First Amendment to the United States Constitution.

## II. SUBJECT MATTER JURISDICTION

Because this action arises under federal law (*i.e.*, the Telephone Consumer Protection Act ("TCPA")), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The parties are not aware of any issues at this time regarding personal jurisdiction or

venue, and no other parties remain to be served.

## III. LEGAL ISSUES

Plaintiff's Position:

Plaintiff alleges that Defendant's conduct violated the TCPA by: causing to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party (47 USC §227(b)(1)(B)), that Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5). Further, Plaintiff's cellular telephone number ending in -7441 was added to the National Do-Not-Call Registry on or about December 2, 2003. Defendant placed multiple calls soliciting its business to Plaintiff on his cellular telephone ending in -7441 in or around July of 2016. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

Defendant's Position:

Defendant CAG denies all allegations: Defendant denies that it knowingly or negligently made violative contacts with the residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party (47 USC §227(b)(1)(B)) and believes that the telephone number in question is, in fact, a business line that defendant legally contacted, if it contacted this number; Defendant GAG further denies that it failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5). Defendant CAG denies that it placed multiple calls soliciting its business to Plaintiff on a cellular telephone ending in -7441 in or around July of 2016 and thereafter. Defendant CAG denies that it has

the capability of placing calls using automated telephonic dialing system as it has no such capability.

## IV. AMENDMENT OF THE PLEADINGS

At present, Plaintiff does not anticipate adding additional parties to the case or otherwise amending the pleadings, but reserves the right to do so, should it become necessary.

The parties propose a deadline of July 28, 2017 for amending the pleadings.

## V. DAMAGES

Plaintiff's Position:

Plaintiffs seek $500.00 per telephone call placed in negligent violation of the TCPA and $1,500.00 per telephone call placed in willful violation of the TCPA.

Defendant's Position:

Defendant CAG denies that it has engaged in violative conduct and as such denies all claims and denies any and all allegations of willful conduct that would give rise to punitive damages.

## VI. INSURANCE

Plaintiff is not aware of any relevant policy of insurance applicable to this matter. Defendant confirms that it has no policy of insurance applicable to the allegations in this complaint and limited funds to engage in settlement negotiations.

## VII. MOTIONS

Plaintiff's Position: Plaintiff does not anticipate filing any dispositive motions, but reserves the right to do so.

Defendant's Position:

Defendant has insufficient information and reserves the right to file

motions dispositive or otherwise.

## VIII. COMPLEX LITIGATION

The parties are agreeable to not utilizing the manual on complex litigation, unless a particular need arises.

## IX. DISCOVERY

There has been no formal discovery taken to date. However, counsel are actively discussing the facts of this case and informally exchanging information. The parties do not anticipate needing any modifications to the discovery rules pursuant to Fed. R. Civ. P. 26(f). The parties will meet and confer and agree upon a stipulated protective order, if necessary.

## X. DISCOVERY CUTOFF

Please see attached Exhibit "A" for proposed dates.

## XI. EXPERT DISCOVERY

Please see attached Exhibit "A" for proposed dates.

## XII. DISPOSITIVE MOTIONS

Plaintiff does not presently anticipate any dispositive motions, but reserves his right to file one, should one become necessary. Defendant CAG reserves the right to file dispositive motions.

## XIII. SETTLEMENT

The parties are currently exploring potential settlement, and Plaintiff is amenable to submit to private mediation before a mutually agreeable mediator and/or a settlement conference before this Court. Defendant has limited funds and will agree at this time only to a settlement conference with this Court given the current status of this matter.

## XIV. TRIAL ESTIMATE

<u>Plaintiff's Position</u>: Plaintiff has timely demanded a jury trial, and anticipates trial taking 5 days.

Defendant's Position: Defendant has not had sufficient time to make this determination but believes this matter would consume no more than 3 days given the current status of this case.

## XV. TRIAL COUNSEL

Plaintiff will be represented by Todd M. Friedman, Meghan E. George, and Adrian R. Bacon, of the Law Offices of Todd M. Freidman, at trial. Defendant will be represented by Gene S. Stone and Deanna M. Brown of Homan & Stone. Gene S. Stone will be the trial attorney.

## XVI. INDEPENDENT EXPERT

The parties do not believe there is a need for an independent expert or master at this time.

## XVII. TIMETABLE

Please see the attached Exhibit "A" for the parties' proposed dates.

## XVIII. OTHER ISSUES-CLASS CERTIFICATION

Plaintiff requests a class certification hearing date be set by the Court. Plaintiff proposes that the hearing be set for December, 2017, and that the Local Rule 23-3 be vacated at this time. Defendant will vigorously oppose any motion for class certification and has given notice to plaintiff that it has will have insufficient funds to support any notice contemplated by plaintiff in order to find members of either class.

## XX. MAGISTRATE JUDGE

Plaintiff will not consent to a magistrate judge for any purpose. Defendant does consent to a magistrate judge for the purposes of settlement conference(s).

**Law Offices of Todd M. Friedman, P.C.**

DATED: May 30, 2017

By *__/s/ Todd M. Friedman*
Todd M. Friedman
Meghan E. George
Attorneys for Plaintiff

DATED: May 30, 2017

By*/s/ Deanna M. Brown*
Gene S. Stone
Deanna M. Brown
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 21550 Oxnard Street, Suite 780, Woodland Hills CA 91367

On May 30, 2017, I served the following document(s) described as: **JOINT RULE 26(f) REPORT** on all interested parties in this action by placing:

[X] a true copy

[X] BY ECF-FILING-ALL PARTIES REGISTERED ON THE DOCKET VIA ECF WERE ELECTRONICALLY SERVED

[X] STATE – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 30, 2017, at WOODLAND HILLS, California.

By: /s/ Todd M. Friedman
Todd M. Friedman

## Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained his/her authorization to affix his/her electronic signature to this document.

Dated**:** May 30, 2017 **Law Offices of Todd M. Friedman, P.C.**

By:_/s/ Todd M. Friedman _____
Todd M. Friedman, Esq.
Meghan E. George, Esq.
Attorneys for Plaintiff